IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THORNELL JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-1347-PX |
| COHN, GOLDBERG, & DEUTSCH, LLC, *et al*. | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court are two motions to dismiss filed by Defendants Cohn, Goldberg, and Deutsch, LLC (ECF No. 7) and Selene Finance, LP (ECF No. 9). Plaintiff Thornell Johnson has not responded, and the time for doing so has passed. *See* Loc. R. 105.2. No hearing is required. *See* Loc. R. 106.3. For the reasons stated below, both motions to dismiss are GRANTED.

**I.   Background**[1]

This action is yet another attempt by Johnson to thwart the foreclosure of real property located at 17205 Summerwood Lane, Accokeek, Maryland ("the Property"). Defendant Cohn, Goldberg, and Deutsch, LLC ("Defendant CGD"), as Substitute Trustees for servicer Defendant Selene Finance, LP ("Defendant Selene Finance"), initiated a foreclosure action against the Property on February 28, 2018. *See Cohn v. Johnson*, Case No. CAEF-18-05028 (Cir. Ct. Prince George Cnty.), Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/ (under "Search By Case Number," select "Prince George's County Circuit Court" and enter case

---

[1] The Court takes the following facts as alleged in the Complaint as true and most favorably to Johnson. *See Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)).

number CAEF 1805028 (last visited Dec. 20, 2021) ("foreclosure action").  In response, Johnson sought Chapter 13 bankruptcy protection, triggering an automatic stay of the foreclosure action. *See In re Johnson*, No. 20-18733 (Bankr. D. Md. Sept. 25, 2020).  But the bankruptcy case ended and the stay on the foreclosure action was lifted.  *Id.*, ECF No. 31.  So Johnson pivoted to seeking dismissal of the foreclosure action in the Circuit Court.  ECF No. 7-4.  As grounds for dismissal, Johnson alleged that Defendants "continued to furnish requested documentation to the lender while no decision had been made on the [] loss mitigation package."  ECF No. 7-4 at 3.  Johnson also alleged that Defendants scheduled a sale of the Property while he was engaging in good faith attempts to qualify for loss mitigation relief.  *Id.*

On June 10, 2021, the Circuit Court denied Johnson's motion to dismiss, and the foreclosure process went forward.  Case No. CAEF-18-05028, No. 36.  On June 23, 2021, the Property was sold and ratified on August 17, 2021.  *Id.*, No. 37, 40.  Thereafter, the Circuit Court entered a judgment awarding possession to the purchaser, ratified the report of the auditor, and closed the case by final order on October 25, 2021.  *Id.*, No. 44, 45.

While the foreclosure action was pending, Johnson filed the Complaint in this Court against Defendants, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.  ECF No. 1 at 4.  The Complaint obliquely asserts that Defendants' "dual tracking" —their pursuing the foreclosure sale while Johnson was in bankruptcy and seeking mitigation relief—violates RESPA.  ECF No. 1 at 6.  Johnson construes Defendants' modification of his mortgage payments and persistent hounding about the sale of the Property in foreclosure as violations of the FDCPA.  *Id.*  For the following reasons, these claims are barred under the doctrine of res judicata.

2

**II.     Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A plaintiff need only satisfy Rule 8(a)'s requirement to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679).

Generally, pro se plaintiffs are held to a "less stringent" standard because they are not lawyers, and courts must construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

**III.    Analysis**

Defendants urge that the doctrine of res judicata bars the statutory claims in this case. ECF No. 7 at 5; ECF No. 9-1 at 3.  Defendants are correct.  The doctrine of res judicata prevents parties from "relitigating an identical issue with the same party or his privy," after having had a full and fair opportunity initially to press their claims.  *Lauren Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Claims that were not—but could have been—raised in the original suit cannot be litigated thereafter.  *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Although res judicata may be raised as a defense to claims previously litigated to "final judgment on the merits," *Montana v. United States*, 440 U.S. 147, 153 (1979), the defense may be asserted at the motion to dismiss stage.  *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967)) ("[W]hen entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").  *Id.*

Because this Court must accord the foreclosure action "the same preclusive effect" as under the "law of the state in which the judgment was rendered," the Court's res judicata analysis follows Maryland law.  *See Migra v. Warren City Sch. Distr. Bd. Educ.*, 465 U.S. 75, 81 (1984) ("[The] federal court must give to [the] state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In Maryland, the doctrine bars re-litigation of claims when (1) the parties or their privies in both suits are identical; (2) the claims in the original suit are identical to the new claims; and (3) the prior claims reached a final judgment on the merits.  *Laurel Sand & Gravel, Inc.*, 519 F.3d at

4

161 (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. App. 93, 106–07 (2005)). The Court addresses each element in turn.

As to the first element, the parties here are same or in privity with the litigants in the foreclosure action. "[F]or the purpose of the application of the rule of *res judicata*, the term 'parties' includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine witnesses, and appeal if an appeal lies." *Kim v. Council of Unit Owners for Collington Ctr. III Condo*, 180 Md. App. 606, 617 (2008) (quoting *Douglas v. First Sec. Fed. Sav. Bank, Inc.*, 101 Md. App. 170, 180 (1994)). Particularly relevant to this case, "when a substitute trustee prosecutes a state court foreclosure action on behalf of a mortgage servicer, which in turn serviced the underlying mortgage on behalf of the lender, the servicer, lender and substitute trustee share the same right to foreclose on the subject mortgage such that the privity component of claim preclusion is satisfied." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 682–83 (D. Md. 2018) (quoting *Jones v. HSBC Bank USA, N.A.*, 444 Fed. Appx. 640, 644 (4th Cir. 2011)) (internal quotes and alterations omitted); *see also Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000).

The only new Defendant in this action is Selene Finance. Selene Finance maintains a direct interest in both matters as the loan servicer for Wilmington Savings Fund Society, FSB, doing business as Christina Trust, not individually but as trustee for Premium Mortgage Acquisition Trust, the holder of the Note. ECF No. 9-1 at 4. Accordingly, Selene Finance is in privity with the defendants from the foreclosure action. Thus, the parties are "identical" in both suits for purposes of res judicata.

As to the second element, res judicata may apply even where the second action raises claims different than those pursued in the first action. Where the claims in both matters arise from the same "nucleus of facts," and the new claims "could have been brought in the earlier action," then the second res judicata element is satisfied. *Lauren Sand & Gravel, Inc.*, 519 F.3d at 161–62 (quoting *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)). Stated differently, if the second claim stems from "the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotes omitted); *accord Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. App. 487, 498 (1987) (applying the transaction test to claim preclusion).

Although Johnson never raised his FDCPA and RESPA claims in the foreclosure action, he clearly could have. Johnson's "dual tracking" arguments squarely emanate from Defendants' pursuit of the foreclosure action at the same time Johnson was seeking loss mitigation. *Compare* ECF No. 7-4 ¶ 8–11 *with* ECF No. 1 at 6. Indeed, in the foreclosure action, Johnson raised both the FDCPA and RESPA in an attempt to stave off final sale of the Property. ECF No. 7-4 ¶ 8. The second res judicata element is thus satisfied.[2] *See, e.g., Eburuoh v. Ward*, No. GJH-20-3525, 2021 WL 3080057, at *4 (D. Md. July 21, 2021) (finding plaintiff's allegations that defendant dual-tracked mortgage in violation of FDCPA and RESPA barred as res judicata when

---

[2] It is well-established that "state courts may assume subject matter jurisdiction over a case arising under federal law unless Congress explicitly has provided for exclusive jurisdiction or unless there exists some 'disabling incompatibility between the federal claim and state court adjudication.'" *Brandenburg v. First Maryland Sav. and Loan, Inc*., 660 F. Supp. 717, 731 (D. Md. 1987) (citing *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–08 (1962)). Neither consideration applies here. *See Fangman v, Genuine Title, LLC*, 447 Md. App. 681, 724 (2016) (citing 12 U.S.C. § 2614) ("[U]nder RESPA, an alleged victim is permitted to bring a claim for violation of RESPA's provisions in either State or federal court."); *see also* 15 U.S.C. § 1692k(d) ("An action [brought pursuant to the FDCPA] to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction.").

6

not raised in state foreclosure action); *King v. Caliber Home Loans, Inc.*, No. GJH-16-3489, 2017 WL 4250509, at *5 (D. Md. Sept. 22, 2017), *aff'd*, 727 F. App'x 47 (4th Cir. 2018) (same).

Lastly, a ratification of sale is a final judgment on the merits. *See, e.g.*, *McGhee v. JP Morgan Chase Bank, NA*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013). The foreclosure action ended with the ratified sale on August 17, 2021, and the Circuit Court closed the case. *See* Case No. CAEF-18-05028, No. 40, 45. Prior to ratifying the sale, the Circuit Court afforded Johnson a full and fair opportunity to be heard on the validity of the foreclosure and on Defendants' alleged misconduct. *Id.* Accordingly, the third element of res judicata is satisfied. The RESPA and FDCPA claims are barred and must be dismissed with prejudice.[3]

## IV. Conclusion

Having found the doctrine of res judicata precludes all claims in this matter, the Complaint is dismissed with prejudice.

A separate Order follows.

12/20/21  
Date

/S/  
Paula Xinis  
United States District Judge

---

[3] The Court declines to reach Defendants' alternative grounds for dismissal.